**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: July 7, 2021
Date Decided: July 12, 2021

Joel Friedlander, Esq.
Jeffrey M. Gorris, Esq.
Christopher M. Foulds, Esq.
Friedlander & Gorris, P.A.
1201 N. Market Street, Suite 2200
Wilmington, DE 19801

William B. Chandler, III, Esq.
Brad Sorrels, Esq.
Lindsay K. Faccenda, Esq.
Wilson Sonsini Goodrich & Rosati, PC
222 Delaware Avenue, Ste. 800
Wilmington, DE 19801

John Reed, Esq.
DLA Piper LLP (US)
1201 N. Market Street, Ste. 2100
Wilmington, DE 19801

Patricia L. Enerio, Esq.
Heyman Enerio Gattuso & Hirzel LLP
300 Delaware Avenue, Ste. 200
Wilmington, DE 19801

Kevin G. Abrams, Esq.
Matthew L. Miller, Esq.
Abrams & Bayliss LLP
20 Montchanin Road, Ste. 200
Wilmington, DE 19807

RE:  *Elizabeth Morrison v. Ray Berry, et al.*,
     C.A. No. 12808-VCG

Dear Counsel:

On July 7, 2021, I considered and approved the parties' Stipulation and Agreement of Compromise and Settlement[1] in all respects and awarded attorneys' fees to the Plaintiff. I reserved, however, on the Plaintiff's application for an

---

[1] Dkt. No. 322.

incentive fee to be paid from the award of fees to counsel.[2] This Letter Decision addresses the Plaintiff's application for an incentive award.

"Delaware courts are reluctant to award lead plaintiffs anything other than their out-of-pocket costs and expenses."[3] However, in some circumstances, this Court will "give[] additional compensation [to class representatives] for shouldering the extra burden in class action litigation."[4] This is done to reward the representative for the "significant amount of time, effort and expertise expended," especially because the lead plaintiff "alone bear[s] certain costs of continued litigation while receiving a disproportionately smaller pro-rata share of the marginal benefit."[5] In such instances, the award to the representative "is not only a rescissory measure returning certain lead plaintiffs to their position before the case was initiated, but an incentive to proceed with costly litigation (especially costly for an actively participating plaintiff) with uncertain outcomes."[6]

Plaintiff awards, however, "should be rare. Only in the exceptional case should such an application be granted."[7] That is to discourage the "overzealous" plaintiff from "hold[ing]-up optimal settlements in the hopes of achieving a larger

---

[2] Pl.'s Appl. for Settlement Approval, an Award of Att'ys' Fees and Expenses, and an Incentive Award to Pl., Dkt. No. 325.

[3] *Raider v. Sunderland*, 2006 WL 75310, at *2 (Del. Ch. Jan. 4, 2006).

[4] *Id.* at *1.

[5] *Id.*

[6] *Id.*

[7] *Oliver v. Boston University*, 2009 WL 1515607, at *1 (Del. Ch. May 29, 2009).

settlement and, consequently, a larger bonus payment."[8]  Further, in determining the amount of the award to representative plaintiffs, the Court "notably ignore[s] the benefit to the class"[9] and focuses more on the particular expertise, time, and effort devoted by the representative.[10]  For example, in *Raider v. Sunderland*, this Court awarded the lead plaintiff a bonus payment of $42,400, which came out of the class counsel's fee.[11]  That award was based on the plaintiff representative's expenditure of "a total of 205 hours on matters beneficial to the class," most of which was spent on matters involving his expertise in "tax and financial analyses."[12]  The Court found that an hourly rate of $200 was suitable, applied it to the 205 hours, and added the representative's out-of-pocket expenses to arrive at $42,400.

Similarly, in *Oliver v. Boston University*, the Court awarded the lead plaintiff $40,000.[13]  In that case, the lead plaintiff "devoted 2,000 hours" to the case, which included being deposed extensively, helping with document review, attending each day of trial, and interacting extensively with counsel.[14]  The *Oliver* lead plaintiff further "recognized an important document from a large set of documents produced that played a key role in supporting the class recovery" and had expertise as a trust

---

[8] *Raider*, 2006 WL 75310, at *1.
[9] *Id.* at *2.
[10] *See In re Orchard Enterprises, Inc. S'holder Litig.*, 2014 WL 4181912, at *13 n.8 (Del. Ch. Aug. 22, 2014) (listing cases).
[11] *Raider*, 2006 WL 75310, at *2.
[12] *Id.*
[13] *Oliver*, 2009 WL 1515607, at *1.
[14] *Id.*

officer.[15]  And in *Brinckerhoff v. Texas Eastern Products Pipeline Co., LLC*, the lead plaintiff spent about 1,000 hours assisting with the litigation, and was awarded $100,000 by the court.[16]

The request for an incentive fee here is far more modest. The lead plaintiff here, Elizabeth Morrison, seeks $5000 as an incentive, to be paid from the overall fee award. She has been lead plaintiff for the several years this matter has been pending and has contributed to the case as a litigant ought—that is, she has reviewed the pleadings she was asked to sign. The Plaintiff's counsel, however, concedes that she has not engaged in actions beyond those expected of all litigants in this Court. I do not mean to denigrate Ms. Morrison's actions here as a litigant or class representative. But her service was not of the type of those exemplary efforts of past class representatives who did earn a fee. Granting her fee request would set a precedent for giving *all* class representatives an award in the future, which would, to my mind, set an inappropriate incentive, for the reasons mentioned above, and would be a departure from our law as I understand it. Accordingly, her application for an incentive award is denied.

IT IS SO ORDERED.

---

[15] *Id.*

[16] 986 A.2d 370, 396 (Del. Ch. 2010).

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc:    All counsel of record (by *File & ServeXpress*)